BLAKELY *v*. THE STATE.

MOTION FOR NEW TRIAL.—Motion for a new trial, "because of errors of the court in admitting evidence at the trial which prevented the defendant from having a fair trial."

*Held*, that the cause assigned was too indefinite.

SUPREME COURT.—*Evidence.*—The Supreme Court will not reverse a judgment upon the weight of oral evidence.

From the Marion Criminal Circuit Court.

*W. P. Adkinson* and *J. M. Johnston,* for appellant.

*C. A. Buskirk,* Attorney General, *J. M. Cropsey,* Prosecuting Attorney, and *R. D. Doyle;* for the State.

BUSKIRK, J.—The appellant was convicted of grand larceny. The errors assigned are :

1. That the court erred in overruling the motion to quash the indictment.

2. That the court erred in overruling the motion for a new trial.

The objection taken to the indictment is, that the property alleged to have been stolen is not properly described. The objection is untenable. The description is full and sufficient in all respects. The motion was properly overruled.

Under the second assignment of error, it is claimed that the court erred in the admission of evidence. The motion for the new trial is not specific enough to present such question.

The fourth reason for a new trial is as follows:

" Because of errors of the court in admitting evidence at the trial which prevented the defendant from having a fair trial." What evidence was improperly admitted? Was it documentary or parol? If documentary, how is it to be identified? If parol, what was the name of the witness who gave it? or what was the substance of it? It has been too repeatedly decided that such a reason for a new trial is too uncertain and indefinite to present any question, to justify a citation of adjudged cases.

It is next claimed that the verdict is not sustained by sufficient evidence. The fact of a larceny is clearly proved. As to who committed it, there is no direct and positive evidence. It was fully shown that the appellant was in possession of the stolen property within two or three days after the larceny, and that he sold it. These facts are not denied, but are fully admitted. The defence relied upon was, that defendant came honestly into possession of the property. The defendant, when offering the property for sale, said that he had been employed by a man by the name of Hall to sell the property; and when his story was called in question, he went to the door and called in a man who answered to the name of Hall, and who claimed to be the owner of the property. The defendant testified that he was employed by Hall to sell the property, and that for his services he was to have all over one dollar and fifty cents that he realized; that he had known Hall in Chicago; that he met him on the streets of Indianapolis; that afterward he came to his house and informed him that he had some jugs of liquor and silver spoons which he wanted him to sell for him, as he was not much acquainted. They met that night. The property was found in an alley, back of a saloon. The property was shown to be worth ten or twelve dollars. It was sold for three dollars and five cents. After the sale, the defendant went to the depot with Hall, who left on a train leaving at 1 o'clock A. M. Hall was not produced as a witness, nor was any attempt made to show how he came into possession of the stolen property.

The Logansport, Crawfordsville and Southwestern R. W. Co. *v.* Buchanan.

The question submitted to the jury was, whether the defendant had honestly and truthfully accounted for how he came into possession of the stolen property. The jury, evidently, did not believe his story; for if they had, they would have acquitted him. The whole question turned upon the weight to be given to the evidence of the defendant. The jury were far more competent to determine that question than we are. We cannot reverse the judgment upon the evidence in the record.

The judgment is affirmed, with costs.